**DENTONS**

Daniel A. Schnapp
Partner

daniel.schnapp@dentons.com
D   +1 212 398 7630

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
United States

dentons.com

April 28, 2023

(VIA ECF)
Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: BAE Systems Information and Electronic Systems Integration, Inc. v. L3Harris Cincinnati Corporation f/k/a L3 Cincinnati Electronic Corporation, 1:23-cv-01860**

Dear Judge Crotty:

    As the Court is aware, this Firm represents Defendant L3Harris Cincinnati Corporation ("L3Harris") in the above-referenced matter.

    In accordance with the Court's Rules of Practice in Civil Cases, L3Harris respectfully requests a conference with the Court in anticipation of our filing a motion to stay discovery, in light of L3Harris' pending Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on April 20, 2023 (Docket # 23-26).  Good cause exists to stay discovery in this case pending this Court's resolution of the Motion to Dismiss so as to, among other things, preserve the Court's, and the parties', time and resources.

    A stay is appropriate where the pending motion to dismiss is "is potentially dispositive, and appears to be not unfounded in the law."  *Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994); *see Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay discovery where "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.").

Here, L3Harris' Motion to Dismiss has a substantial basis in existing law, and asserts substantial grounds to dismiss each count in Plaintiff's complaint. L3Harris asserts five independent and significant grounds for dismissal of Count I, including that Plaintiff: (1) impermissibly relies on an unenforceable agreement to agree; (2) fails to plead the existence of a contract for its breach of a so-called "Alternate Agreement"; (3) fails to state a claim for the failure to negotiate in good faith because the facts as pled establish that L3Harris discharged its duty to negotiate in good faith; (4) fails to state a claim for breach of the proprietary information agreement ("PIA") because the PIA was superseded; and (5) waived its right to damages under the teaming agreement's limitation of liability clause. L3Harris asserts additional grounds for all other counts of the complaint to be dismissed including, *inter alia*, that the good faith and fair dealing claim, the quasi-contract claims, the unfair competition claim, and the state trade secrets claim (Counts II-IV and VI-VII) are all duplicative of its breach of contract claim (Count I). Count V should be dismissed because it fails to adequately plead the requisite element of bad faith misappropriation.

Second, good cause exists to stay discovery also because discovery would likely be broad and burdensome. *See Gandler*, 1994 WL 702004, at *4 ("[B]ecause the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery, all discovery in this case is hereby stayed pending resolution of defendant's motion to dismiss.").

Here, the SPEIR Program encompasses highly technical data and the involvement of third-party contractors as well as the U.S. Government. *See, e.g.*, Compl ¶ 4-5, 7 (explaining the SPEIR Program and the technical data involved in the performance thereunder); Decl. 1, Ex. 2, NDA (contemplating the exchange of proprietary information with third-party contractors). Additionally, given the complex nature of this case and the complexity of both Parties' business structures, discovery would necessarily involve a significant exchange of electronically stored

information, depositions, and third-party discovery. A stay of discovery, however, will conserve judicial and litigant time and resources.

Plaintiff will also not be prejudiced by the stay because such a stay would be only temporary until the Court rules on the pending Motion to Dismiss. *See Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) ("Plaintiffs will not be damaged by the grant of a stay of discovery until the motions to dismiss are decided.").

Here, Plaintiff's Complaint invokes a plainly unenforceable agreement to agree, fails to plead the requisite elements of unjust enrichment at the plaintiff's expense or reasonable reliance for its quasi-contract claims, fails to plead the requisite bad faith for its unfair competition claim, only makes conclusory arguments for its federal trade secrets claim, and impermissibly pleads a state trade secrets claim despite the existence of a contract governing this issue. Accordingly, Plaintiff cannot claim prejudice when its Complaint does not state a plausible cause of action.

Accordingly, for the foregoing reasons, L3Harris respectfully requests a pre-motion conference in advance of filing a Motion to Stay Discovery.

        Respectfully submitted,

        */s/Daniel A. Schnapp*
        Daniel A. Schnapp
        DENTONS US LLP
        1221 Avenue of the Americas
        New York, NY  10020
        212-398-7630
        daniel.schnapp@dentons.com

        *ATTORNEY FOR L3HARRIS CINCINNATI ELECTRONICS CORPORATION f/k/a L3 CINCINNATI ELECTRONICS CORPORATION*

cc:    Steven M. Masiello, steve.masiello@dentons.com
        Gale R. Monahan, gale.monahan@dentons.com