UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
BAE SYSTEMS INFORMATION AND :
ELECTRONIC SYSTEMS INTEGRATION INC, :
: 23-cv-01860 (PAC)
*Plaintiff,* :
:
-*against*- : **ORDER**
:
:
L3HARRIS CINCINNATI ELECTRONICS :
CORPORATION F/K/A/ L3 CINCINNATI :
ELECTRONICS CORPORATION, :
:
*Defendant.* :
------------------------------------------------------------x

On May 19, 2023, L3 Harris Cincinnati Electronics Corp, ("L3") moved to stay discovery pending the Court's resolution of its motion to dismiss BAE System Information and Electronic Systems Integration Inc. ("BAE")'s complaint. For the reasons that follow, the Court **GRANTS** L3's motion to temporarily stay discovery.

Although a motion to dismiss does not automatically stay discovery, district courts have considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c). *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In determining whether there is good cause warranting a stay, courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Oestreicher v. Equifax Info. Servs., LLC*, 23-CV-239 (NRM) (MMH), 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023) (internal quotation marks omitted).

BAE brings breach of contract, quasi-contract, and misappropriation of trade secret claims against L3 stemming from L3's alleged failure to award BAE a subcontract under L3's prime

1

contract award with the United States Navy for the development of an electro-optic/infrared naval defense system. *See generally* Compl., ECF No. 1. While not addressing the merits of L3's motion to dismiss, after an initial review, the Court cannot say that BAE's case is unmeritorious because both BAE and L3 "make strong arguments in their motion to dismiss briefing." *Bennett v. Cuomo*, No. 22-7846, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023). However, the nature of BAE's claims and its relation to the Navy's defense contracting process likely means that a significant portion of discovery will include sensitive information from both parties and the United States Government. Narrowing even some claims could thus materially lessen the burden and breadth of what BAE admits will "likely be significant" discovery "in a highly technical case such as this." Pl.'s Opp'n at 3, 8, ECF No. 36. Nor will a stay unfairly prejudice BAE; the motion to dismiss is already fully briefed and, thus, "any stay would last briefly." *HAHA Global, Inc. v. Barclays*, 1:19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *2 (S.D.N.Y. Feb. 20, 2020) (internal quotation marks omitted). A temporary stay pending the Court's expeditious rendering of its opinion is therefore warranted.

## CONCLUSION

L3's motion to stay discovery is granted and discovery is this action is stayed pending the Court's disposition of L3's pending motion to dismiss. The Court of Clerk is directed to close the motion at ECF number 32.

Dated: New York, New York
June 26, 2023

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge